IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CV-50-BO

| | |
|---|---|
| CHRISTY CLAUSELL, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| BAYER CORPORATION and BAYER ) | |
| CROPSCIENCE LP, ) | |
| Defendants. ) | |

This matter is before the Court on defendants Bayer Corporation ("Bayer") and Bayer CropScience LP's ("BCS") motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). [DE 43]. For the reasons discussed below, defendants' motion is GRANTED.

## BACKGROUND

Bayer is the parent company of plaintiff's former employer, BCS. Plaintiff was employed at BCS's Morrisville, North Carolina, facility from approximately August 2013 to August 2014. Plaintiff filed the instant suit against Bayer and BCS alleging a number of causes of action that arose out of her employment with and termination from BCS. Plaintiff amended her initial complaint twice. Bayer successfully moved to dismiss all of plaintiff's claims except for plaintiff's Title VII retaliatory discharge claim, which was permitted to move forward because of the temporal proximity between plaintiff's filing an EEOC complaint and her termination. Defendants now move for judgment on the pleadings on that claim.

## DISCUSSION

A motion for judgment on the pleadings pursuant to Rule 12(c) raising the defense of failure to state a claim upon which relief can be granted is analyzed under the same standard as a Rule 12(b)(6) motion to dismiss. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.

1999). A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

In deciding the instant motion, the Court has considered the materials attached to the complaint(s) and answer that are integral to the claim without needing to convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 10(c); Fed. R. Civ. P. 12(c); *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Am. Chiropractic Assoc. v. Trigon Healthcare, Inc*, 367 F.3d 212, 234 (4th Cir. 2004).

Here, plaintiff's only remaining claim is for "retaliatory discharge." Given the nature of plaintiff's claim under this heading and viewing the complaint liberally as is required by plaintiff's *pro se* status, the Court considers the claim as one for retaliation under Title VII. To establish a prima facie claim for retaliation, a plaintiff must demonstrate: (1) that she engaged in a protected activity; (2) that her employer took an adverse employment action against her; and

2

(3) that there was a causal link between the protected activity and the adverse employment action. *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 405–06 (4th Cir. 2005). Defendants admit that plaintiff engaged in a protective activity, to wit, filing an EEOC claim, and that termination of plaintiff's employment constituted an adverse employment action. However, defendants dispute allegations of a causal connection between the two.

Plaintiff filed an EEOC complaint on July 11, 2014. Plaintiff has pled no facts in any of her three complaints to demonstrate that anyone at BCS was aware of her EEOC complaint between the date it was filed and the date she was terminated: July 22, 2014. [DE 8-11]. Defendant, on the other hand, has produced evidence to indicate that BCS was not made aware of the EEOC complaint until July 23, 2014, the day *after* plaintiff was terminated. [DE 39-1]. As defendants had no knowledge of plaintiff's EEOC complaint at the time she was terminated, her termination could not have been in retaliation for the EEOC complaint. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998) ("Since, by definition, an employer cannot take action because of a factor of which it is unaware, the employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish the third element of the prima facie case.").

Plaintiff, in her response to defendants' motion for judgment on the pleadings, argues that her termination was causally linked to a March 30, 2014, internal complaint. [DE 45-6]. The Court has already found in its Order on defendants' motion to dismiss that plaintiff had not directly connected this event with her termination. [DE 30]. Nevertheless, the Court permitted the retaliatory discharge claim to move forward solely because of the temporal proximity between plaintiff's EEOC complaint and her termination. Subsequently, plaintiff amended her complaint but left the language of the retaliatory discharge claim untouched. Therefore, the

3

Court notes that this argument would generally be inappropriate in a response to a motion for judgment on the pleadings, especially since plaintiff was afforded multiple amendments of the complaint, but, given plaintiff's *pro se* status, the Court will address it nevertheless. Having done so, the Court finds that the argument fails. Plaintiff is unable to establish a causal link—either directly or inferentially—between the March complaint and the adverse employment action.

First, plaintiff has claimed the March 2014 complaint was incorporated into her EEOC complaint and that this inclusion "establishes a causal connection between the charge of discrimination." [DE 45]. However, examination of the EEOC complaint proves this is not the case. [DE 29]. In the July complaint, plaintiff mentions advising her employer of a disability in March and being placed on a work plan in March but makes no mention of an internal complaint. The Court also notes that the March complaint contains no mention of a disability accommodation request or work plan. Consequently, as plaintiff did not include reference to the March complaint in the July complaint as she claims, it cannot create the causal connection plaintiff alleges. Moreover, as the Court has discussed *supra*, defendant was not aware of the EEOC complaint until the day after plaintiff's employment was terminated, so, even if plaintiff did include reference to the March complaint in her July complaint, it would not establish causation. Plaintiff has not provided any further argument or evidence to establish a causal link.

Nevertheless, a causal link could be inferred if the complaint and termination were sufficiently close in time, though "the passage of time alone cannot provide proof of causation unless the temporal proximity between an employer's knowledge of protected activity and an adverse employment action was very close." *Pascual v. Lowe's Home Ctrs., Inc.*, 193 Fed. Appx. 229, 233 (4th Cir. 2006) (internal quotation marks omitted) (internal citations omitted). Accordingly, the Court considers whether the temporal proximity between the March 2014

complaint and plaintiff's termination in July 2014 is sufficiently close. The Court finds that it is not. The complaint at issue was filed on March 30, 2014. Plaintiff's EEOC claim was filed on July 11, 2014. Plaintiff was terminated on July 22, 2014. At the motion to dismiss stage, the Court allowed the retaliatory discharge claim related to the EEOC complaint go forward given that it and the termination were days apart. As the instant issue concerns the March complaint, this benefit of the doubt is no longer afforded. The Court is unwilling to infer a causal link when the events were approximately four months apart. *See id.* ("In this case, at least three to four months separated the termination of Pascual's employment and the claimed protected activities. We find that this time period is too long to establish a causal connection by temporal proximity alone."). Accordingly, the Court finds that no causal link can be inferred.

Finally, the Court notes that plaintiff discusses for the first time in her response to the instant motion that her employment status was changed, without plaintiff being notified, from "terminated" to "unapproved leave" in December 2015 then back to "terminated" in January 2016. This is a novel argument which is inappropriate to bring at this stage but which the Court will consider out of an abundance of caution given plaintiff's *pro se* status.[1] Having construed the argument liberally, the Court finds that it does not state a claim upon which relief can be granted. The Court finds that plaintiff has not pled sufficient facts to claim that these status changes constituted an adverse employment action, which is a necessary element of her surviving claim. Even if plaintiff had so established, her response states that the status changes "*may* be a result of further discriminatory behavior," which does not plead sufficient facts to establish a causal link. [DE 45] (emphasis added). Furthermore, for the reasons discussed *supra*,

---

[1] The Court notes once again that plaintiff has had ample opportunity to amend her complaint and that she has availed herself of that opportunity twice already. [DE 1, 8, 38].

5

no causal link can be inferred, as these changes occurred over a year after plaintiff's internal and EEOC complaints. Thus, this argument also fails.

## CONCLUSION

For all the reasons discussed above, defendants' motion for judgment on the pleadings as to plaintiff's remaining claim is GRANTED. [DE 43]. The Clerk is DIRECTED to close the case.

SO ORDERED, this __8__ day of June, 2016.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 5:15-cv-00050-BO   Document 53   Filed 06/10/16   Page 6 of 6